UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81070-Civ-HURLEY
       (05-80063-Cr-HURLEY)
MAGISTRATE JUDGE P. A. WHITE

QUINTON BANNISTER,              :

        Movant,                 :

v.                              :              REPORT OF
                                           MAGISTRATE JUDGE
UNITED STATES OF AMERICA   :

        Respondent.             :
_____

        This matter is before this Court on the movant's motion to
stay. (Cv-DE#12). The movant argues that he was unable to retain
the requisite legal materials to effectively present his Motion to
Vacate pursuant to 28 U.S.C. §2255. (Id.). According to the movant,
he was deprived of the trial and sentencing transcripts thereby
precluding him from raising any issues he may have had. (Id.).

        In order to stay federal proceedings and hold a habeas
petition in abeyance pending, there must be exceptional or unusual
circumstances. Christy v. Horn, 115 F.3d 201 (3 Cir. 1997); Parker
v. Johnson, 988 F.Supp. 1474 (N.D.Ga. 1998). The general factors
governing when it is appropriate to grant a stay pending the
resolution of a claim in another forum include: 1) whether the
petitioner is able to demonstrate a clear hardship or inequity if
the action were to move forward; 2) the injury, if any, to the
respondent; and 3) the effect of the stay on the public interest,
including the "judiciary's interest in efficiency, economy, and
fairness." Hill v. Mitchell, 30 F. Supp.2d 997, 1000 (S.D. Ohio
1998)(citing Landis v. North American Co., 299 U.S. 248 (1936) and
applying factors to motion to stay habeas petition). In this case,
the movant has made no showing that these factors compel the
extraordinary action of holding this case in abeyance.

Moreover, a stay would not be appropriate under the circumstances presented here because any amended motion raising new claims would be time-barred. The movant had one year from the time his conviction became final on October 16, 2008 or until October 16, 2009 within to timely raise all cognizable claims. At this juncture, the filing of an amended motion would be time-barred as it is well beyond the one year federal limitations period. Any new issues that do not arise from the same circumstances as raised in the original motion to vacate, would thus be time-barred and not addressed on the merits. See Mayle v. Felix, 545 U.S. 644 (2005) and Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000); see also, Pruitt v. United States, 274 F.3d 1315 (11th Cir. 2001). The law is clear that in order for untimely claim to be considered, it must arise from the same facts as the timely filed claim, not form separate conduct or occurrence. See Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002); Fed.R.Cr.P. 15(c). The untimely claims must have more in common with the timely filed claim that the mere fact that they arose out of the same trial and sentencing proceedings. See Pruitt at 1319, citing United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); United States v. Duffus, 174 F.3d 333 (3rd Cir.), cert. den'd, 528 U.S. 866 (1999); United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999).

In this case, the movant's request for a stay in order to file an amended motion raising new claims would be time-barred and therefore a stay would not be appropriate. Although the Eleventh Circuit had held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence, Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999), no such showing has been made in this case to warrant equitable tolling of the movant's time-barred claims.

2

As noted above, the movant maintains that he was unable to retain the requisite legal materials to effectively present his Motion to Vacate pursuant to 28 U.S.C. §2255. (Id.). According to the movant, he was deprived of the trial and sentencing transcripts thereby precluding him from raising any issues he may have had. (Id.). Bare allegations of failing to have any legal materials is not sufficient, standing alone, to entitle a petitioner to equitable tolling. See, e.g., United States v. Martinez, 303 Fed. Appx. 590 (10th Cir. 2008) (stating that the petitioner " failed to show that he diligently pursued his rights, and, thus, equitable tolling of the limitations period was not warranted, where prisoner did not show that he requested any withheld materials from prison officials, or otherwise attempt to timely file despite being deprived of access to the law library and unspecified legal materials."). Instead, a movant must come forward with evidence regarding the steps he took to diligently pursue his remedies during the time that he was deprived of access to legal materials. The movant's conclusory allegations regarding inadequate access to federal legal materials is insufficient to justify equitable tolling. The movant's failure to do so renders his argument for equitable tolling unpersuasive. See Paulcin v. McDonough, 259 Fed. Appx. 211 (11th Cir. 2007). Under these circumstances, a stay would not be appropriate and the movant's request should therefore be denied.

It is therefore recommended that this motion to stay be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

3

Signed this 24th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Quinton Bannister, <u>Pro Se</u>
      Reg. No. 75048-004
      FCC-Coleman (USP-1)
      P.O. Box 1033
      Coleman, FL 33521-1033

      Anne Ruth Schultz, AUSA
      United States Attorney's Office
      99 NE 4th Street
      Miami, FL 33132

      Janice Le Clainche, AUSA
      United States Attorney's Office
      500 South Australian Avenue
      Suite 400
      West Palm Beach, FL 33401